**UNITED STATES of America, Plaintiff,**

v.

**Pedro ·COTA–ESTRADA and Neomi Albarran–Vega, Defendants.**

**No. CR 92–689 TUC JMR.**

United States District Court,
D. Arizona.

Feb. 10, 1993.

Charles L. Jenkins, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

John S. Nelson, Nelson & Torralba, Tucson, AZ, for Cota–Estrada.

Charles S. Weninger, Tucson, AZ, for Albarran–Vega.

## ORDER

ROLL, District Judge.

The Court has under advisement Defendant Cota–Estrada's motion to suppress statements. Defendant argues that the Border Patrol agents, who ultimately stopped the U–Haul truck in which Defendant and two others were travelling and which contained furniture and a large quantity of marijuana, did not possess a founded suspicion to stop the vehicle and were merely following a directive from another officer. Cota–Estrada argues that *U.S. v. Robinson,* 536 F.2d 1298 (9th Cir.1976) and *U.S. v. DeLeon–Reyna,* 898 F.2d 486 (5th Cir.1990), *rev'd en banc* 930 F.2d 396 (1991),[1] require suppression. Neither case supports Defendant's position, however.

Here, a confidential informant observed approximately 1,000 pounds of marijuana at a residence and that a U–Haul truck was to be used to transport furniture and the marijuana to San Diego. This information was communicated to agents. The next day, agents conducting surveillance at the residence observed furniture and bundles wrapped in blankets and sheets being loaded onto a U–Haul truck. When the truck left the residence, agents contacted Border Patrol agents working on Interstate 10. The Border Patrol agents were given a description of the truck, the number of occupants, and information enabling them to determine the time at which the U–Haul would reach their point. When the U–Haul, as expected, passed the Border Patrol agents' location, it was followed by the agents and eventually stopped.

Defendant Cota–Estrada contends that because the Border Patrol agents were not fully briefed on the reasons why the truck was to be stopped, suppression of the marijuana found in the truck is required.

Neither *Robinson* nor *DeLeon–Reyna* afford Cota–Estrada comfort. In *DeLeon–Reyna,* incorrect information regarding the license number of a vehicle was transmitted to the arresting officer, which information was the sole basis for the resultant stop. A Fifth Circuit panel ruled that the stop was impermissible and that the evidence was properly suppressed. In so ruling, however, the court stated that "the collective knowledge of the officers failed to provide a sufficient basis for reasonable suspicion ... " and that if the collective knowledge had been accurate, "sufficient foundation for a brief investigatory stop existed." 898 F.2d at 488–89. On rehearing *en banc,* the Fifth Circuit held that the good faith exception to the exclusionary rule precluded suppression. *U.S. v. DeLeon–Reyna,* 930 F.2d 396 (1991). Nonetheless, even the reasoning of the panel does not require suppression of evidence on the facts presented here.

In *Robinson,* apparently erroneous information regarding a certain automobile was

---

1. Counsel for Defendant did not point out at argument that the panel's ruling was subsequent- ly reversed by the Fifth Circuit sitting *en banc.*

transmitted by law enforcement officers and was the sole basis for the stop of that vehicle. In ruling that the evidence should have been suppressed, the Ninth Circuit drew a clear distinction between the result compelled by the facts before it and the situation in which law enforcement officers possess a founded suspicion to detain a person or vehicle even though the stopping officer is merely following a directive to stop the person or vehicle. The Ninth Circuit stated:

> We recognize that effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information. *The fact that an officer does not have to have personal knowledge of the evidence supplying good cause for a stop before he can obey a direction to detain a person or a vehicle does not mean that the Government need not produce evidence at trial showing good cause to legitimate the detention when the legality of the stop is challenged.* If the dispatcher himself had founded suspicion, or if he had relied on information from a reliable informant who supplied him with adequate fats to establish founded suspicion, the dispatcher could properly have delegated the stopping function to Officer Holland. But if the dispatcher did not have such cause, he could not create justification simply by relaying a direction to a fellow officer to make the stop.

536 F.2d at 1299–1300 (emphasis added).

Here, officers issued a directive to stop the vehicle. Those officers had ample information to order an investigatory stop of the U–Haul truck. The motion to suppress is DENIED.